IN THE UNITED STATES
DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JASON MORGAN** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-00245 |
| ) | |
| **GC SERVICES, LP** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Serve Defendant at: ) | |
| CT Corp System ) | |
| 120 South Central Avenue ) | |
| St. Louis, Missouri 63105 ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, Plaintiff, Jason Morgan, and for his Complaint states as follows:

## INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

## PARTIES

1

4. Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

5. Defendant is a collection agency and debt buyer registered in Missouri as a foreign corporation. The principal business purpose of Defendant is the collection of debts in Missouri and regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

### *Collection Activity Against Plaintiff*

7. On or about January 12, 2015, Defendant contacted Plaintiff by telephone at his place of employment.

8. Although unable to speak with Plaintiff at that time, Defendant's employee left a message with one of Plaintiff's co-workers.

9. In that message, Defendant told Plaintiff's co-worker that they worked for GC Services and that they were trying to contact Plaintiff in regards to a possible garnishment and provided Plaintiff a phone number to call if he had any questions.

10. Plaintiff was embarrassed to discover that Defendant disclosed the nature of their call to Plaintiff's co-worker.

11. Defendant's entire purpose of disclosing this private information to Plaintiff's co-worker was to humiliate and embarrass Plaintiff while attempting to collect a debt.

12. On or about February 3, 2015, Defendant contacted Plaintiff at his place of employment and again disclosed to Plaintiff's co-worker information regarding a "possible garnishment."

13. The purpose of both calls was to collect a debt and not to obtain location information regarding the Plaintiff.

14. To the best of Plaintiff's knowledge, he has not had a judgment entered against him that would give rise to garnishment proceedings being instituted against him.

15. Plaintiff has experienced stress, anxiety and worry as a result of Defendant's actions.

## COUNT I: VIOLATION OF THE FDCPA

16. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

17. In their attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

    a. Engaging in false, deceptive, harassing, and unfair conduct in attempting to collect a debt.  15 U.S.C. § 1692d.

    b. Using unconscionable means in the attempt to collect a debt.  15 U.S.C. § 1692f.

    c. Threatening garnishment against consumer.  15 U.S.C. § 1692e(4).

   d. Disclosing debt collection information to Plaintiff's employer.  Contacting Plaintiff at his place of employment for debt collection and not for location purposes.  15 U.S.C. § 1692b(1-3).

        **THE EASON LAW FIRM, LLC**

        /s/ James W. Eason
        _____
        **JAMES W. EASON, #57112**
        **124 Gay Avenue, Suite 200**
        **St. Louis, Missouri 63105**
        **Phone: (314) 932-1066**
        **Fax: (314) 667-3161**
        **Email: james.w.eason@gmail.com**